## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **JOSEPH D. THOMAS and BRENDON P. RODRIGUE** | **CIVIL ACTION NO.** |
| Plaintiffs, | **SECTION** |
| | **JUDGE** |
| **VERSUS** | **MAGISTRATE** |
| **THE UNITED STATES OF AMERICA** | <u>**JURY TRIAL REQUESTED**</u> |

Defendants.

## <u>COMPLAINT FOR DAMAGES</u>

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, **JOSEPH D. THOMAS** and **BRENDON P. RODRIGUE**, who respectfully files the following Complaint for Damages and appropriate ancillary relief:

### <u>PARTIES</u>

### I.

Made Plaintiffs herein are:

    A. **JOSEPH D. THOMAS** ("Mr. Thomas"), a person of the full age of majority and a resident of and domiciled in the Parish of St. Martin, State of Louisiana; and

    B. **BRENDON P. RODRIGUE** ("Mr. Rodrigue"), a person of the full

age of majority and a resident of and domiciled in the Parish of St.

Mary, State of Louisiana.

II.

Made Defendant herein is:

A. **THE UNITED STATES OF AMERICA** ("United States" or "Defendant"), a sovereign nation. It may be served pursuant to Federal Rule of Civil Procedure 4(i) by delivering a copy of the summons and the complaint by certified mail to the Civil Process Clerk, United States Attorney's Office, located at 400 North Tampa Street, Suite 3200, Tampa, Florida 33602 and by serving the Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001.

## JURISDICTION & VENUE

III.

This Court has original jurisdiction over this suit in accordance with 28 U.S.C. §1331 because this lawsuit involves a federal question raised pursuant to a federal statute as Mr. Thomas and Mr. Rodrigue ("Plaintiffs") assert claims under the Public Vessels Act ("PVA") codified in 46 U.S.C.A. § 31101, *et al.* and the general maritime law of the United States of America.

IV.

Venue is proper in the Middle District of Florida pursuant to 46 U.S.C.A §
31104 as the vessel at issue in this matter (the "R/V PETREL") is found in Tampa,
Florida.

## FACTUAL BACKGROUND

### V.

Mr. Thomas and Mr. Rodrigue were employed by Eagle Marine Services
Electrical & Refrigeration, L.L.C. ("Eagle"), a company based in Berwick,
Louisiana, as an electrical technician and marine electrician, respectively.

### VI.

In 2023, Eagle contracted with Oceaneering International, Inc.
("Oceaneering") to perform electrical work on board the RV PETREL, a seventy-
six meter research vessel owned by the United States Navy.

### VII.

Oceaneering is an agent of the United States and operated pursuant to a
contract with the United States. As a result of their contractual relationship, Mr.
Thomas and Mr. Rodrigue bring this lawsuit against Defendant, who is solely
responsible for any failures of Oceaneering or any other contractor working on
Defendant's behalf, including Eagle, pursuant to 46 U.S.C.A. §§ 33103 and 30904.

### VIII.

In October of 2022, Mr. Thomas and Mr. Rodrigue were sent to Leith,

Scotland to begin electrical work on bard the RV PETREL, which had been sent by the United States to Scotland for repairs and/or maintenance.

IX.

On March 22, 2023, the RV PETREL was drydocked in Leith, Edinburgh. However, Defendant's agents and/or servants failed to properly secure the vessel. As a result, around 8:35 a.m., the RV PETREL was dislodged from its holding, causing the vessel to topple over ("the incident").

X.

At the time of the incident, both Mr. Thomas and Mr. Rodrigue were doing work on equipment on the bridge of vessel. When the vessel toppled, Mr. Thomas and Mr. Rodrigue fell  several feet on the bridge, contacting various pieces of equipment during their fall. The fall knocked Mr. Rodrigue unconscious and caused numerous severe injuries, both emotionally and physically, to both Mr. Thomas and Mr. Rodrigue. Both Plaintiffs were transported to the hospital. In total, at least thirty-three individuals were injured by this incident, twenty-one of which were taken to the hospital.

XI.

Mr. Thomas and Mr. Rodrigue were later transported back to their homes in Louisiana. Both Plaintiffs have been unable to return to work since the incident as they continue to undergo extensive medical care as a result of the incident.

XII.

Nothing Mr. Thomas or Mr. Rodrigue did or failed to do on the occasion in question caused or in any way contributed to cause their injuries. To the contrary, these events were proximately caused by the negligence of the United States or its agents and/or servants.

XIII.

The United States had a non-delegable duty to provide Mr. Thomas and Mr. Rodrigue with a reasonably safe place to work and a vessel, crew, and equipment fit for its intended use. The United States, directly or indirectly through its agents or servants, failed in that regard. Mr. Thomas' and Mr. Rodrigue's injuries and resulting treatment were caused in whole or in part by the negligence of the Defendant, its agents, joint-venture partners, servants, and/or employees.

## **CAUSES OF ACTION**

### **FIRST COUNT – NEGLIGENCE**

XIV.

Plaintiffs incorporate the above paragraphs as if set forth in full below.

XV.

Plaintiffs assert a negligence claim under the Public Vessels Act. Defendant owned the RV PETREL, which injured Plaintiffs. Defendant's vessel itself damaged Plaintiffs for which they seek damages in admiralty.

XVI.

Defendant's actions and omissions constitute negligence. Defendant breached its duties to Plaintiffs to provide them with a safe work place and to ensure that its vessel did not cause Plaintiffs injury. Defendant failed to exercise reasonable care in controlling its Vessel and ensuring the Vessel did not dislodge from its holdings. Defendant's imprudent acts included, but were not limited to:

a) Failing to secure the RV PETREL in drydock;

b) Failing to take steps to ensure the RV PETREL did not become dislodged;

c) Failing to consider, warn of, and account for potentially dangerous weather;

d) Failing to ensure that workers on the RV PETREL were removed from the vessel when conditions presented an unsafe condition for the workers;

e) Failing to supervise employees;

f) Failing to manage the operation;

g) Failing to prevent unsafe conditions;

h) Failing to follow its policies and procedures;

i) Failing to ensure agents, servants, contractors, or subcontractors working on Defendant's behalf took necessary steps to ensure the incident did not occur;

j) Failing to warn the crew of unsafe conditions;

k) Ignoring unsafe conditions;

l) Failing or ignoring industry standards, recommendations, procedures, or guidelines;

m) Failing to provide a safe place to work for Plaintiffs;

n) Misrepresenting that conditions were safe, when they were not;

o) Failing to properly inspect the RV PETREL and drydock conditions;

p) Promulgating policies and procedures that were inadequate and unsafe;

q) Failing to ensure that protections were in place to avoid workplace injuries; and

r)  Any and all other acts and omissions that will be shown at trial in this matter.

## XVII.

Said acts of negligence were the proximate cause of Plaintiffs' injuries.

## SECOND COUNT – RESPONDEAT SUPERIOR/AGENCY

## XVIII.

Plaintiffs incorporate the above paragraphs as if set forth in full below.

## XIX.

At all times, certain contractors at the drydock tasked with securing the RV PETREL were agents and/or servants for Defendant and were operating or controlling the RV PETREL on Defendant's behalf. Furthermore, Oceaneering and

Eagle, including its employees, were also agents and/or servants on behalf of Defendant and were operating or controlling the RV PETREL pursuant to a contract with Defendant. Defendant exercised control over its servants, contractors, and/or agents, including Oceaneering, Eagle, and its employees and contractors, and at all relevant times, Defendant's employees, contractors, servants, and/or agents were operating within the scope of their employment for Defendant.

XX.

As such, Defendant is responsible for the conduct and damages caused by its employees, contractors, agents and/or servants that contributed to the damages sought in this suit, and Mr. Thomas and Mr. Rodrigue may maintain a cause of action only against Defendant for the misconduct of Defendant's agents under the Public Vessel Act.

**DAMAGES**

XXI.

Plaintiffs incorporate the above paragraphs as if set forth in full below.

XXII.

By reason of the occurrence made the basis of this action, Plaintiffs sustained severe bodily injuries. Plaintiffs have suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the remainder of their

lives. Plaintiffs have suffered in the past and will, in reasonable medical probability, continue to suffer temporary and/or permanent physical impairment or disfigurement. As a consequence, they have lost their ability to perform household services and, in reasonable probability, this loss is permanent.

### XXIII.

Plaintiffs have suffered a loss of wages in the past and a loss of or reduction in the capacity to work and earn money in the future and, in reasonable probability, their earning capacity has been impaired permanently. Moreover, Plaintiffs have incurred reasonable and necessary medical expenses in the past and, in reasonable probability will incur reasonable medical expenses in the future.

### XXIV.

Lastly, Plaintiffs hereby seek all Pre-Judgment and Post-Judgment Interest in the maximum amounts as allowed by law on each separate and individual element of damage. Plaintiffs also seek attorney's fees as allows by law.

### **PRAYER**

For the aforementioned reasons, Plaintiffs Joseph Thomas and Brendon Rodrigue prays for judgment against Defendant for actual damages for mental anguish, pain and suffering, physical impairment and disfigurement, loss of enjoyment of life, past and future medical expenses, past and future economic damages including loss of earnings and household services, attorney's fees, interest

only as allowed by law, general damages, and all such other and further relief, at law

and in equity, to which they may be justly entitled.

Dated: October 28, 2024

All of which is respectfully submitted,

/s/ Eric C. Thiel
Eric C. Thiel (Florida Bar#016267)
BANKER LOPEZ GASSLER P.A.
501 East Kennedy Boulevard
Suite 1700
Tampa, FL 33602
Telephone:  (813) 221-1500
Facsimile:  (813) 222-3066
Service-ethiel@bankerlopez.com

and

Hugh P. Lambert* – Lead Counsel
Jacki L. Smith *
Brian J. Mersman*
LAMBERT ZAINEY SMITH & SOSO,
PLC
701 Magazine St.
New Orleans, Louisiana 70130
Telephone: 504-581-1750
Facsimile: 504-529-2931
hlambert@lambertzainey.com
jsmith@lambertzainey.com
bmersman@lambertzainey.com
*Pro Hac Vice admission to be sought

*Attorneys for Plaintiffs, Joseph Thomas and Brendon Rodrigue*